UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:23-mc-00137-WLH-AJR                    Date:  October 18, 2023
                                                                            Page 1 of 4

Title:     Oksana Kiritchenko v. Citicorp North America, Inc. et al.


DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THE APPLICATION PURSUANT TO SECTION 1782 SHOULD NOT BE DENIED AS TO MR. RICHARD PLOESCH**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR APPLICANT:      ATTORNEYS PRESENT FOR RESPONDENTS:

   None Present                                                    None Present

**PROCEEDINGS:  (IN CHAMBERS)**

Applicant Oksana Kiritchenko ("Ms. Kiritchenko"), a foreign national involved in judicial proceedings pending in Bulgaria[1] (the "Bulgarian Proceedings"), has filed the instant *Ex Parte* Application for an Order Permitting Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782(a) (the "Application").  In support of the Application, Ms. Kiritchenko filed her own declaration as well as the declaration of Mr. Daniel Bojckov, a Bulgarian translator.  (Dkts. 1-2 & 1-3.)

---

[1] Case No. 20224520105152 (commonly titled as No. 5152/2022), titled Oksana Kiritchenko v. Bojidar Goranov; Case No. 20224520105217 (commonly titled as No. 5217/2022); Case No. 20224520105640 (commonly titled as No. 5640/2022), titled Oksana Kiritchenko v. Bojidar Goranov.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    2:23-mc-00137-WLH-AJR                         Date:  October 18, 2023
                                                                        Page 2 of 4

Title:    Oksana Kiritchenko v. Citicorp North America, Inc. et al.

Ms. Kiritchenko seeks an Order permitting discovery in the form of subpoenas for production of documents to seven financial institutions and one individual: (1) Citicorp North America, Inc.; (2) U.S. Bancorp; (3) JP Morgan Chase Bank; (4) Bank of America Corporation; (5) Pacific Western Bank; (6) Logix Federal Credit Union; (7) Wells Fargo Bank, N.A.; (8) Richard Ploesch.  (Dkt. 1 at 1.)

28 U.S.C. § 1782(a) provides in relevant part:

The district court of the district in which a person resides or is found may order him to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made . . . upon the application of any interested person . . . .  The order may prescribe the practice and procedure . . . for . . . producing the document or other thing.

Section 1782, as amended, "was designed to facilitate the conduct of litigation in foreign tribunals, improve international cooperation in litigation, and put the United States into the leadership position among world nations in this respect" by providing "equitable and efficacious discovery procedures" for obtaining evidence for use in foreign proceedings. In re Bayer AG, 146 F.3d 188, 191-92, 195 (3d Cir. 1998); see also In re Letter Rogatory from Local Court of Ludwigsburg, Fed. Republic of Germany in Matter of Smith, 154 F.R.D. 196, 199 (N.D. Ill. 1994) ("The history of Section 1782 reveals Congress' intent to strengthen the power of district courts to respond to requests for international assistance."); In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1218 (9th Cir. 1976) (same); Application of Malev Hungarian Airlines, 964 F.2d 97, 100 (2d Cir. 1992) (explaining that the "twin aims" of Section 1782 are to provide "efficient means of assistance to participants in international litigation in our federal courts" and to encourage "foreign countries by example to provide similar means of assistance to our courts").

"The *prima facie* showing mandated by the statute is only that the application be made (1) 'by a foreign or international tribunal' or 'any interested person,' (2) that it be 'for use in a proceeding in a foreign or international tribunal,' and (3) that the person or entity from whom the discovery is sought be a resident of or be found in the district in which the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     2:23-mc-00137-WLH-AJR                    Date: October 18, 2023
                                                     Page 3 of 4

Title:       Oksana Kiritchenko v. Citicorp North America, Inc. et al.

application is filed." In re Bayer AG, 146 F.3d at 193 (quoting 28 U.S.C. § 1782(a) and italics added); see also Application of Esses, 101 F.33d 873, 875 (2d Cir. 1996) (same). However, even where these minimal criteria are satisfied, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004); United Kingdom v. United States, 238 F.3d 1312, 1319 (11th Cir. 2001) ("[A] district court's compliance with a § 1782 request is not mandatory.").

Once the *prima facie* requirements are satisfied, a district court may consider the following factors in exercising its discretion under Section 1782(a):

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

In re Clerici, 481 F.3d 1324, 1334 (11th Cir. 2007) (quoting Intel Corp., 542 U.S. at 264-65). "[U]nduly intrusive or burdensome requests may be rejected or trimmed." Intel Corp., 542 U.S. at 265.

Upon review of the Application for compliance with the three requirements of a *prima facie* case, it appears that the Application is missing admissible evidence with regard to Mr. Richard Ploesch establishing that he resides or can be found in the Central District of California. The Application states that Mr. Ploesch "is known to be located in the Los Angeles county area, at the address 11005 Sunnybrae Avenue, Chatsworth, California, 91311." (Dkt. 1 at 5.) However, this assertion is made without any citation to supporting evidence such as a declaration or documentation. Accordingly, the Court Orders Ms.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    2:23-mc-00137-WLH-AJR                              Date: October 18, 2023
                                                                                    Page 4 of 4

Title:    <u>Oksana Kiritchenko v. Citicorp North America, Inc. et al.</u>

Kiritchenko to show cause **within ten (10) days of the date of this Order** why the Application should not be denied as to Mr. Ploesch. Ms. Kiritchenko can satisfy this Order by submitting admissible evidence in the form of a declaration or documents establishing that Mr. Ploesch resides or can be found within the Central District of California. If Ms. Kiritchenko believes that such evidence has already been provided, then she can satisfy this Order by filing a response which directs the Court's attention to such admissible evidence. If Ms. Kirtichenko no longer wishes to pursue discovery from Mr. Ploesch, then she can satisfy this Order by filing a response which withdraws the Application as to Mr. Ploesch. The Court will defer any further evaluation of the Application until after Ms. Kiritchenko responds. **Ms. Kiritchenko is expressly advised that failure to timely respond to this Order may result in recommendation that this action be dismissed with prejudice for failure to prosecute and/or obey court orders.**

     IT IS SO ORDERED.